ORDER GRANTING MOTION
This matter came before the full Court on June 17, 2006 at which time several motions were reviewed in the absence of the parties. Associate Justice Mark D. Butterfield, Associate Justice Dennis Fun-maker, Sr. and Chief Justice Mary Jo B. Hunter reviewed the Motion for Remand[1] filed by Leslie Parker Cohan on behalf of the HCN Child and Family Services. D.R.W.’s mother, Chanina Whiteeloud, also filed a letter with the Court requesting to be reunified with D.R.W. and objecting to the appeal.[2] The Court reviewed the pleadings and the file and, based upon that, the Court hereby ORDERS:
1. That the Trial Court was not provided all of the evidence on this matter at the hearing below.
2. That the Trial Court is in the best position to review the evidence, hear testimony and make findings of fact.
3. That the evidence provided to this Court may have impacted the Trial Court’s decision as to the Order (Ex *172 tension of Transitional Period) filed on May 2, 2006.
4. That the Order (Extension of Transitional Period) filed on May 2, 2006 is vacated.
5. That this case is remanded to the Trial Court for a hearing to review the new evidence provided by the HCN Child and Family Services and the Appellant, Mary Funmaker. This Court reviewed the information in the pleadings and orders the Trial Court to hold a hearing to reconsider the prior order in light of the new evidence. This Court is not ruling that the Trial Court made any error as the Trial Court considered the evidence and information that was before the Court at the time of the May 2, 2006 Order. However, this Court has reviewed the HCN Children and Family Act and believes that the best procedural alternative for this case is a remand to the Trial Court for a full rehearing on the matter. This Court, as well as the Trial Court, has the authority “to issue all orders necessary to ensure the safety of children within the Hoc§k community.” Therefore, this matter is best addressed in an evi-dentiary hearing before the Trial Court Judge to allow for a full review of the new evidence.
6. This remand does not deny any of the parties their right to file an appeal pursuant to the HCN Rules of Appellate Procedure.[3]
EGI HESKEKJET.

. The HCN Child and Family Services should have sought a Re-Hearing (sic) pursuant to the Ho.Chunk Nation Children and Family Act, Chapter VI, 23 Grounds for Re-Hearing (sic). That request to the Trial Court would have been an avenue for the lower court to consider the new evidence without an appeal being sought by the paternal grandmother. The DOJ must work to file pleadings in the interest of judicial economy.

. The Court considered Ms. Whitecloud’s letter to be a Responsive Pleading since she was responding as a pro se litigant.

. The HCN Children and Family Act allows for an appeal al CIIAPTKR X, SUCTION 41. However, Section 41(b) states that an appeal may be taken within "thirty (30) month (sic) from the entry of the order, decree or judgment appealed from.” Given the serious nature of cases arising under this law, this Court prefers the parties to utilize the shorter time-lines set out by the HCN Rides of Appellate Procedure for deadlines. In all likelihood, the appeal timeline stated in the HCN Children and Family Act was an oversight; however, this Court does not have the ability to change that language. Rather, that is a function of the Ho-Chunk Nation Legislature to correct errors in draftsmanship of laws. The Court's duty is to interpret them.